## WELLS v. SCOTT COUNTY.

**Bounty:** RIGHT TO, UNDER OFFER OF. A person who had actually volunteered before a bounty was offered by the board of supervisors is not entitled thereto. That he *supposed* the county was giving a bounty at the time of his enlistment would not change the rule.

*Appeal from Scott District Court.*

FRIDAY, JANUARY 25.

THE pleadings and testimony in this case are the same as in the preceding case of William Brown against the same defend-

ant, except that the plaintiff in this case volunteered December 27, 1864, being nine days before the bounty was offered by the defendant. The verdict of the jury was for the defendant. The plaintiff appeals.

*Brown & Campbell* for the appellant.

*Bills & Block* for the appellee.

COLE, J. — The verdict in this case was right, beyond question. The plaintiff volunteered before the bounty was offered. The bounty was voted to those who *might* volunteer, and not to those who *had*. The question is not whether the plaintiff, who, by his volunteering, had reduced the quota of Scott county, is within the equity of the purpose inducing the offer; but, whether he comes within its terms. If he had volunteered under even a semi-authoritative promise, or upon the faith that a bounty would be paid, there might be found, possibly, a colorable precedent for his claim. But even this is not shown. The nearest approximation to it is in the testimony of one witness, who volunteered at the same time, and testifies that " it was generally said before our enlistment that Scott county was giving a bounty." Not that it *would give*, but *was giving*, a bounty. It was then a supposed *fact*, and not a *promise*, which was said to exist. The case does not come within the rule in *Haven* v. *The Town of Ludlow*, 41 Vt. 418, or *Stiles* v. *Danville*, 42 id. 282.

Affirmed.